IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RENEE AUPPERLE, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINCOLN PUBLIC SCHOOLS, | ) | COMPLAINT AND REQUEST |
| | ) | FOR JURY TRIAL |
| Defendant. | ) | |

COMES NOW Plaintiff, Renee Aupperle, and for her causes of action, states as follows:

1. Plaintiff brings this case to enforce her rights pursuant to Title VII, 42 U.S.C. 2000(e) et seq., and the Nebraska Fair Employment Practices Act, NEB. REV. STAT. §48-1101 et seq.

2. Plaintiff is a resident of Lincoln, Lancaster County, Nebraska.

3. Defendant is a political subdivision as that term is defined by law, and owns and operates the public school system in Lincoln, Nebraska. Defendant is an employer under the Act.

4. Plaintiff filed a timely charge of discrimination and received a right-to-sue letter on November 8, 2012.

5. All administrative prerequisites have been met.

6. Jurisdiction and venue in this Court are proper.

### STATEMENT OF FACTS

7. Plaintiff worked for more than 7 years as Defendant's employee at different school locations. During the relevant time period in question, she was working the night shift as a custodian at North Star High School in Lincoln, Nebraska.

8. Plaintiff's immediate supervisor was Delane Kauk. One of her coworkers during this same shift was Steven Ems.

9. During the last two years of her employment, Mr. Ems repeatedly engaged in sexual harassment directed toward the Plaintiff, and often engaged in crude and profane language while yelling at her. These statements included, but not limited to, Ems calling Aupperle such names as a "fucking bitch" and a "cunt", and making comments such as, "Your mother is a whore" and "Your nieces are whores."

10. Ems also made threatening comments to Aupperle such as, "I want to take you out to the parking lot."

11. Plaintiff complained about the abusive language and threats to Defendant and its agents on several occasions, but nothing ever changed.

12. Plaintiff had previously found an abandoned bicycle outside of the school. Ems told her that she could take the bike home and that it would be hers. Although she took the bike, Plaintiff took it to the police station and reported it as lost property. Ems later reported to Kauk that Plaintiff had stolen a bicycle from the high school.

13. In February of 2011, Plaintiff received a disciplinary warning for losing her keys. She told her supervisors that Ems had taken her keys. Her supervisor became angry at Plaintiff for losing her keys. Several times after that date, Ems offered to "sell the keys" back to Aupperle for amounts ranging from $100.00 to $600.00. Though Plaintiff attempted to tape record one of these conversations, she was unable to do so.

14. On or about May 8, 2011, Plaintiff noticed a motorcycle parked across the front doors, blocking the handicap entrance to the building. She was aware that those doors were to be unobstructed for use. There were teachers still in the building at that time. Plaintiff went with Ems and her supervisor Kauk to look at the motorcycle, which belonged to Ems. Though Kauk said he

did not have a problem with the motorcycle being parked where it was, he told Ems later not to park the motorcycle in front of the entrance again.

15. Approximately three nights later, when Aupperle was at work, she saw Ems' car parked across the four handicapped parking stalls at the teachers' entrance. She knew that there were still teachers in the building and thought that it was improper.

16. Plaintiff called the dispatcher for the Lincoln Police Department and told the police that she was concerned about the way the car was parked, and asked that an officer check out the situation. Plaintiff felt that it was part of her job duties to clarify such parking incidents in and around the building. The police dispatcher assured Plaintiff that her complaint would be treated anonymously.

17. On or about 2:00 a.m. that next night, Mr. Ems approached Plaintiff while she was on lunch break in the teachers lounge. He stated words to the effect that, "You know that cop you called, he said it is okay for me to call you names." He then unleashed another profanity-filled personal attack on the Plaintiff.

18. At approximately 4:00 a.m. that same day, Plaintiff went to her car to get change to buy a can of pop. When she got there, there was a parking ticket torn up and placed on her windshield. Ems had moved his car so that it was parked about 2 inches from Plaintiff's drivers side door, barring her ability to enter.

19. At approximately 5:00 a.m. that same day, Plaintiff's assistant supervisor, Kendall Stege, arrived at work. He saw how Ems' car was parked and asked Plaintiff what had occurred. Plaintiff again explained the situation and the harassment she had to endure.

20. Approximately three days later, Plaintiff was asked to attend a meeting with Bill McCoy, the custodial supervisor for the Defendant. McCoy eventually terminated Plaintiff, allegedly for not initially stating she had called the police about the parked car.

## FIRST CAUSE OF ACTION

## HOSTILE ENVIRONMENT CLAIM

21. Plaintiff asserts paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff made complaints to Defendant about a hostile work environment and the sexually derogatory comments repeatedly directed at her by her coworker.

23. Defendant did nothing to address the sexual harassment complaint made by Plaintiff.

24. Plaintiff was forced to continually endure the sexual harassment and discriminatory treatment directed at her by her coworker and her supervisor.

25. Defendant's conduct constitutes a violation of 42 U.S.C. 2000(e) et seq.

## SECOND CAUSE OF ACTION

## UNLAWFUL SEX DISCRIMINATION

26. Plaintiff asserts paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff was terminated from her employment allegedly for not responding properly during a supervisory investigation.

28. Other similarly situated male employees who were asked questions about incidents that occurred during their work shifts were not terminated for an alleged first offense.

29. Plaintiff's sex/gender was a motivating factor in the termination decision that was made.

30. Plaintiff was terminated in violation of 42 U.S.C. 2000(e)et seq.

## THIRD CAUSE OF ACTION

## UNLAWFUL RETALIATION

31. Plaintiff repeats paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff previously made complaints about sexual harassment and working conditions to her supervisors.

33. Nothing was done about the complaints that were made by Plaintiff.

34. Plaintiff's supervisors allowed the working conditions to deteriorate and become worse for her.

35. Plaintiff was then discharged in retaliation for making her sexual harassment complaints about coworker Steven Ems, and the failure to get any response from her supervisor Delane Kauk.

36. Plaintiff's complaints about the sex harassment/hostile working environment were the motivating factors that led to her termination of employment.

## FOURTH CAUSE OF ACTION

## FEPA DISCRIMINATION

37. Plaintiff repeats paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff was discriminated against on the basis of her sex in violation of the Nebraska Fair Employment Practices Act.

## FIFTH CAUSE OF ACTION

## FEPA RETALIATION

39. Plaintiff repeats paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff was a victim of unlawful retaliation in violation of the Nebraska Fair

Employment Practices Act.

## PRAYER FOR RELIEF

Based upon the facts set forth above, Plaintiff prays for relief as follows:

A. All back pay due and owing to her from the date of her discharge, less any interim earnings;

B. Reinstatement to her former position with the Lincoln Public Schools, plus any merit raises or step raises that have occurred since that time;

C. Restoration of all lost benefits;

D. Recovery of all costs and attorneys fees;

E. Compensatory damages;

F. Punitive damages as allowed by law;

G. All the relief this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests that a jury trial of this matter be held in Lincoln, Nebraska.

        RENEE AUPPERLE, Plaintiff

BY:  DeMARS, GORDON, OLSON, ZALEWSKI & WYNNER
134 So. 13th St., Suite 800
P. O. Box 81607
Lincoln, NE 68501-1607
(402) 438-2500
ATTORNEYS FOR PLAINTIFF

BY:  _/s/ James C. Zalewski_
James C. Zalewski, #16090

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Complaint and Request for Jury Trial was served upon Defendant by depositing the same in the United States mail (via Certified Mail) postage prepaid, on this ___ day of February, 2013, addressed as follows:

Lincoln Public Schools
℅ Gregory H. Perry
Perry, Guthery, Haase & Gessford
233 S. 13th St., Suite 1400
Lincoln, NE 68508
ATTORNEYS FOR DEFENDANT

BY: _____
James C. Zalewski, # 16090